IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
      Plaintiff,

vs.                                                  Case No. 3:11cv232/RV/CJK

MEDICAL DOCTOR,
      Defendant.

_____

## REPORT AND RECOMMENDATION

      This cause is before the Court upon plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. 7).  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Upon review of the amended complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

      Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Plaintiff initiated this action on May 11, 2011, by filing a civil rights complaint.  (Doc. 1).  At that time plaintiff was an inmate of the Putnam County Jail in Eatonton, Georgia.  Plaintiff filed his amended complaint on June 20, 2011. (Doc. 7).  The amended complaint names two defendants:  Dr. Delgado, a doctor at the

Santa Rosa County Jail; and Santa Rosa County Commissioners.  (Doc. 7, p. 2).
Plaintiff claims he was denied adequate medical care by Dr. Delgado in 2007 while
incarcerated at the Santa Rosa County Jail.  (*Id.*, pp. 5-7).  As relief, plaintiff seeks
"General and Punitive Damages" in an unspecified amount.  (*Id.*, p. 7).

On page four of the civil rights complaint form, Section IV(C), Previous
Lawsuits, is the following question:  "Have you initiated other actions (*besides those
listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the
fact or manner of your incarceration (including habeas corpus petitions) or the
conditions of your confinement (including civil rights complaints about any aspect
of prison life, whether it be general circumstances or a particular episode, and
whether it involved excessive force or some other wrong)?"  Where there are
parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff
marked "Yes."  (Doc. 7, p. 4).  The complaint form then directs the prisoner to
describe each action, attaching additional pages if necessary.  Plaintiff disclosed a
2007 state habeas proceeding, as well as the following seven civil actions he initiated
in this Court:

- *Mobley v. CCA Corr. Corp. of Am., et al.*, Case Number 5:09cv342;

- *Mobley v. McKeithen*, Case Number 5:09cv332;

- *Mobley v. Walton Cnty. Sheriff's Office*, Case Number 3:11cv147;

- *Mobley v. Walton Cnty. DOC*, Case Number 3:11cv148;

---

[1]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to Question (A) and disclosed no cases.  (Doc. 7, p. 3).  Plaintiff answered "Yes" to Question (B) and disclosed one case, a civil rights case plaintiff filed in this Court in 2011:  *Mobley v. Corr. Corp. of Am., et al.*, Case No. 5:11cv108.  (Doc. 7, p. 3).

- *Mobley v. Walton Cnty. DOC*, Case Number 3:11cv179;

- *Mobley v. Johnson*, Case Number 3:07cv230; and

- *Mobley v. Walton Cnty. Dep't of Corr.*, Case Number 3:07cv235.

(*Id*.).  Plaintiff's original complaint had disclosed two additional federal civil actions:

- *Mobley v. Walton Cnty. Sheriff's Office*, Case Number 3:11cv180; and

- *Mobley v. McKeithen*, Case Number 5:07cv118.

(Doc. 1, Attach. "Notice to Court").

Plaintiff disclosed no other cases.  At the end of each civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 1, p. 7; Doc. 7, p. 7).  Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court relating to the fact of his incarceration or the conditions of confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.  As the Eleventh Circuit explained:  "[T]he task of counting strikes involves more than

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The Clerk has advised and this Court may take judicial notice, that at the time plaintiff initiated this lawsuit he had initiated at least one other civil action in federal court relating to his conditions of confinement:

- *Mobley v. CCA Corr. Corp. of Am., et al.*, Case Number 5:10cv34, a § 1983 action plaintiff filed on February 16, 2010, claiming constitutional violations arising from plaintiff's assault by another inmate on June 19, 2006 while confined at the Bay County Jail.

Plaintiff did not disclose this case in his original or amended complaint.

In addition, plaintiff's amended complaint, which plaintiff signed on June 12, 2011, failed to disclose over twenty other civil rights actions plaintiff initiated in this Court either after, or at the time of, filing his original complaint, but before submitting his amended complaint:   Case Numbers 3:11cv229, 3:11cv230, 3:11cv231, 3:11cv233, 3:11cv266, 3:11cv268, 3:11cv269, 3:11cv270, 4:11cv270, 5:11cv142, 5:11cv169, 5:11cv170, 5:11cv171, 5:11cv172, 5:11cv173, 5:11cv175, 5:11vc176, 5:11cv177, 5:11cv178, 5:11cv179, 5:11cv181, 5:11cv182 and 5:11cv183. In the foregoing cases, plaintiff  challenged either the conditions of his confinement at various county jails, or his arrest and detention, prosecution, and/or trial.  Plaintiff did not disclose any of the foregoing cases in his amended complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.    The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 7, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this Court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this cause without prejudice.  *See, e.g., Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing prisoner's amended civil rights complaint without prejudice for abuse of the judicial process, where prisoner's amended complaint failed to disclose a federal lawsuit the prisoner initiated after the filing of his initial complaint but prior to the filing of his amended complaint); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case

without prejudice for abuse of the judicial process, where prisoner failed to disclose two federal cases).[3]

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 17th day of January, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[3]The undersigned cites these unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.